IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00073-ZLW-KLM

JAMES E. PRESTON,

    Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, INC., a Texas corporation, a/k/a SUMMIT ACCEPTANCE CORPORATION,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND
ORDER GRANTING STAY OF DISCOVERY**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on (1) Plaintiff's **Motion for Remand** [Docket No. 5; Filed January 17, 2010] ("Motion for Remand"), (2) Defendant **Capital One Auto Finance Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Motion for Attorneys' Fees** [Docket No. 10; Filed January 22, 2010] ("Motion to Dismiss"), and (3) Defendant **Capital One Auto Finance, Inc.'s Motion for Stay of Discovery** [Docket No. 34; Filed May 17, 2010] ("Motion to Stay"). Defendant filed a Response in opposition Plaintiff's Motion for Remand on January 25, 2010 [Docket No. 12], Plaintiff filed a Reply on February 15, 2010 [Docket No. 14], and the Motion for Remand is ripe for resolution. Plaintiff filed a Response in opposition to Defendant's Motion to Dismiss on February 14, 2010 [Docket No. 13], Defendant filed a Reply on March 1, 2010 [Docket No. 23], and the Motion to Dismiss is ripe for resolution. While the Motion to Stay has not been fully briefed, I may rule on the Motion at any time without waiting for a response. D.C.COLO.LCivR 7.1C.

With the exception of the Motion to Stay, the matter has been referred to this Court for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C.COLO.LCivR 72.1.C. Given the referral and the nondispositive nature of the Motion to Stay, I may rule on that Motion outright. 28 U.S.C. § 636(b)(1)(A). The Court has reviewed the Motions, applicable pleadings, the entire case file, the relevant law and is sufficiently advised in the premises. For the reasons set forth below, I respectfully **RECOMMEND** that the Motion for Remand be **GRANTED** and the Motion to Dismiss be **DENIED as moot**. It is further **ORDERED** that the Motion to Stay is **GRANTED**.

## I. Background

Plaintiff, who is a licensed attorney proceeding *pro se*, commenced this civil action in Boulder County District Court on December 21, 2009, seeking attorneys' fees, costs, and damages incurred as a result of Defendant's allegedly unlawful trade and debt collection practices. Defendant removed this action to federal court on January 12, 2010 [Docket No. 1], asserting the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, due to the Complaint's citation to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. Complaint* [#1-1], ¶ 1. Specifically, Plaintiff's Complaint alleges that Defendant is a "debt collector" or "collection agency" within the meaning of 15 U.S.C. § 1692(a). *Id.* Further, the Complaint alleges that "Defendant is employing unfair and deceptive trade practices in violation of [the FDCPA,] 15 U.S.C. § 1692(d), and C.R.S. § 12-14-101, *et seq.*" *Complaint* [#1-1], ¶ 2. After removal, Plaintiff filed an Amended Complaint [Docket No. 4]. In his Amended Complaint, Plaintiff continues to allege that Defendant violated the FDCPA. *Amended Complaint* [#4], ¶¶ 1 & 2. He also provides

additional citation to state statutory provisions pursuant to which he seeks relief, referring to them as "Colorado's Consumer Protection Acts" ("CCPA" and "CFDCPA"), Colo. Rev. Stat. §§ 6-1-101, -105, -304, 12-14-101.  *Amended Complaint* [#4], ¶¶ 1-3.

In the Motion for Remand, Plaintiff challenges Defendant's basis for removal and requests that the Court remand the case to state court.  In determining whether removal was proper, the Court considers the allegations made in the original Complaint [Docket No. 1-1], as "the propriety of removal is judged on the complaint as it stands at the time of removal."  *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).[1]  However, in relation to resolution of whether the Court maintains jurisdiction of the matter, the Court considers the Amended Complaint, *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that the filing of an amended pleading supercedes a previously filed complaint), and additional representations made by Plaintiff on the record.

## II.  Motion for Remand

### A.  Standard of Review

A federal court's original jurisdiction is premised on two statutory grounds: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332.  When a federal court lacks subject matter jurisdiction over a dispute removed from state court, the court must remand the action to state court.  28 U.S.C. §

---

[1] This distinction is somewhat unnecessary given that the Amended Complaint contains identical references to federal law as the original Complaint.  Further, I note that I must be assured that the Court maintains jurisdiction at every stage in the litigation and must, *sua sponte*, take up any jurisdictional issues that are presented by any source.  *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).

1447(c).

Here, Defendant's removal from state court was premised on the Court's federal question jurisdiction. "The party invoking federal question jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). My review is guided by the recognition that a "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (citation omitted). Regardless of whether removal is initially proper, if at any time "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).

## B. Legitimacy of Removal

"Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, ___ U.S. ___, 129 S. Ct. 1262, 1272 (2009) (citation omitted). Stated another way, the complaint must "affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Upon review of the Complaint at issue at the time of removal, removal was clearly proper. Plaintiff's allegation that "Defendant is employing unfair and deceptive trade practices, and, violating the provisions of the Fair Debt Collection Practices Act, including but not limited to, using computers to dial Plaintiffs' [sic] phone in a manner in violation of 15 U.S.C. § 1692(d)," affirmatively places the violation of a federal statute at issue. *See*

4

*Complaint* [#1-1], ¶ 2. Accordingly, this Court "shall have original jurisdiction" of Plaintiff's case as pled in his original Complaint. 28 U.S.C. § 1331. Although Plaintiff provides a strained explanation for his prominent inclusion of the FDCPA in his Complaint,[2] there is no way to interpret the Complaint's allegations as other than "arising under" federal law.[3]

### C. Ongoing Subject Matter Jurisdiction

Regardless of whether removal was proper, I must be satisfied that the Court's subject matter jurisdiction remains throughout the litigation of this case. Accordingly, I consider more fully Plaintiff's position contained in the relevant pleadings. *See generally Radil*, 384 F.3d at 1224 (noting that the court's jurisdiction does not necessarily rest on allegations contained in the complaint). Specifically, in his Motion for Remand, Plaintiff contends that "[t]his case involves personal injury claims under Colorado's Consumer Protection law," [t]his case does not 'arise under' federal law and does not belong in federal court," "[t]his case does not involve a federal question," and "[a] simple reading of the Complaint shows that the case turns on state law, and, a state cause of action." *Motion for Remand* [#5] at 3, 4 & 6. In addition, in his Reply to the Motion for Remand, Plaintiff states that he "agrees that [the case] does not state a federal question," "the Complaint contains a casual reference to violations of federal acts as a basis for seeking state relief under

---

[2] Although not entirely clear, Plaintiff appears to be operating under the flawed assumption that he cannot pursue his state law claims without referencing analogous federal law because "Colorado's Consumer Protection Provision adopts federal statutes as a part of the Act, by reference, and, uses federal decisions in construing the state consumer protection act." *See Motion for Remand* [#5] at 2.

[3] Despite the fact that Plaintiff is proceeding *pro se*, Plaintiff is not entitled to liberal pleading interpretation due to his status as an attorney. *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

5

Colorado statutes, in a Colorado Court," the only basis to invoke original jurisdiction is Defendant's intention to assert a "defense that they are a 'creditor,'" and the defense "is the only federal issue in the case." *Reply* [#14] at 5 & 7. Perhaps most telling are Plaintiff's statements that he "admits that he has pleaded himself out of this Court" and "admits that the Complaint filed in Boulder small claims court does not state a claim under which this Court could exercise either original, or, removal jurisdiction." *Id.* at 4. Considering these statements in their totality, the Court interprets Plaintiff's position to be that he intends to pursue only claims related to an injury cognizable in state statutory law.

Defendant appears to recognize as much. In its Response, Defendant notes that "Preston attempts . . . [to] fram[e] this action as one raising only a CCPA claim." *Response* [#12] at 2. Given the above, the Court is in the rare predicament to either accept the statements of Plaintiff that he intends to pursue only state-law claims despite the clear language of his Amended Complaint or reject Plaintiff's statements and force him to litigate a federal claim that he apparently has no interest in pursuing in this or any other court. Given that any ambiguity regarding whether to remand a case should be resolved in Plaintiff's favor, *Martin*, 251 F.3d at 1289-90, I treat Plaintiff's statements as judicial admissions[4] and interpret his pleadings as a request to voluntarily dismiss any federal claim asserted therein.[5]

---

[4] *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005) (noting that a judicial admission is a "deliberate declaration[] which a party or his attorney makes . . . for the purpose of dispensing with proof of formal matters or of facts about which there is no dispute" (citation omitted)).

[5] Pursuant to Fed. R. Civ. P. 41(a)(1)(A), a plaintiff may voluntarily dismiss his claims before an answer or motion for summary judgment has been served.

Given that Plaintiff does not intend to pursue a federal claim, dismissal of the FDCPA claim asserted in Plaintiff's Amended Complaint is the appropriate result. In the absence of a federal claim, the Court lacks subject matter jurisdiction. While the Court could exercise supplemental jurisdiction over the remaining state-law claims, I do not recommend that the Court do so here given the posture of the case. 28 U.S.C. §1367(c)(3); *see Ashley Creek Phospate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1264 n.18 (10th Cir. 2003) (citation omitted) (noting that where federal claims are dismissed before trial, federal court should decline to exercise jurisdiction).

Given that my recommendation is made in conjunction with resolution of Plaintiff's Motion for Remand, I recommend that the Motion for Remand be granted. I further recommend that Plaintiff's case, involving the alleged violation of state statutory law only, be remanded to the Boulder County District Court.

### III. Conclusion

Accordingly, I respectfully **RECOMMEND** that Plaintiff's Motion for Remand [#5] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Defendant's Motion to Dismiss [#10] be **DENIED as moot**. Given the lack of subject matter jurisdiction, and the recommendation to remand, the Court lacks authority to consider the adequacy of the substance of Plaintiff's claims. *See Cunningham*, 427 F.3d at 1245.

IT IS FURTHER **ORDERED** that Defendant's Motion to Stay [#34] is **GRANTED**. Although stays are generally disfavored, neither the Court's nor the parties' time would be served by engaging in discovery during the pendency of my Recommendation to remand

the case to state court.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 19, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix